IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| Plaintiff, | } } } | CIVIL ACTION NO. |
| v. | } } } | |
| K&L AUTO CRUSHERS, LLC | } } | COMPLAINT |
| Defendant. | } } } | **JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Claudia Vestal ("Charging Party"), who was adversely affected by such practices. As alleged with greater particularity in paragraphs 13-28 below, the Equal Employment Opportunity Commission ("the Commission") alleges that K&L Auto Crushers, LLC ("Defendant") discriminated against Claudia Vestal in violation of the Americans with Disabilities Act, as amended, by failing or refusing to grant her a reasonable accommodation and terminating her from her position of Controller because of her disability, cancer.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and 12203(c), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant K&L Auto Crushers, LLC has continuously been doing business in the State of Texas and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Claudia Vestal filed a Charge of Discrimination ("Charge") with the Commission alleging violations of the ADA.

8. On May 18, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On or about July 14, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least December 2018, Defendant has engaged in unlawful employment practices in violation of Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*. Specifically, the Defendant discriminated against Claudia Vestal by failing or refusing to provide her with a reasonable accommodation, and terminating her because of her disability, cancer, in violation of 42 U.S.C. § 12112(a), as amended.

14. Claudia Vestal is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  At all relevant times, Ms. Vestal has had

an impairment, cancer, that substantially limits her in the major life activity of the bodily function of normal cell growth.

15. Ms. Vestal was hired by the Defendant as its Controller in July 2017. In this position, she was responsible for balancing the company's bank accounts, making payroll, generating payroll reports, tabulating accounts receivable, and billing, as well as other financial aspects of the business.

16. Ms. Vestal was diagnosed with small cell lung cancer in December 2018. Shortly thereafter, she notified her supervisor, Defendant's owner Andrea Wells, of her diagnosis.

17. In December 2018, after meeting with her oncologist, Ms. Vestal informed Ms. Wells that the oncologist estimated that she would undergo four to six rounds of chemotherapy, and that she would be finished with chemotherapy in or around April 2019.

18. Ms. Wells and Ms. Vestal initially agreed that Ms. Vestal would be paid hourly rather than on a salary after her treatment began, and that she could modify her schedule to work on an as-tolerated basis when she felt well enough to come to the office.

19. On January 17, 2019, Defendant's owner told Ms. Vestal that the company was getting temporary help in the office so that Ms. Vestal could finish treatment. Defendant's owner asked Ms. Vestal to let her know when she would be able to return to work on a regular basis.

20. Ms. Vestal also asked Defendant's owner if she could work from home. Defendant never responded to this request.

21. Ms. Vestal communicated with Defendant's owner about her health status on eight separate days between January 17, 2019, and February 6, 2019.

22. On February 6, 2019, Ms. Vestal sent Defendant's owner, Ms. Wells, a text message with another update on her health and cancer treatment. In this message, Ms. Vestal told

Ms. Wells that she was starting chemotherapy again the following week, but that her oncologist said she could come to work on Monday. Defendant's owner told her to stay home and wait to return until she could work a regular schedule.

23. Defendant alleges that it terminated Ms. Vestal's employment on or about February 6, 2019. Ms. Vestal continued to communicate regularly with Ms. Wells about her health and treatment status through text message in February, March, and April. At no point during this time was Ms. Vestal notified that her employment had been terminated.

24. On May 7, 2019, Ms. Vestal informed Ms. Wells in text messages that she was finished with chemotherapy and was beginning immunotherapy. Ms. Vestal also asked Ms. Wells when she was available to talk about her return to work. Ms. Wells did not respond.

25. On or around May 18, 2019, Ms. Vestal received a letter from Defendant in the mail, signed by Ms. Wells, informing her that the Defendant did not have a position available for her. The letter also explained that Defendant had filled Ms. Vestal's position because of the extended time she was unable to perform any work for the company.

26. At no time during Ms. Vestal's absence did Ms. Wells notify her that her absence was causing a problem for the business, or that she was in danger of being fired.

27. Defendant failed or refused to accommodate Ms. Vestal's disability. Ms. Vestal sought the accommodation of a modified schedule for the time she was undergoing chemotherapy, which Defendant denied, telling Ms. Vestal that she should wait until she could work a regular schedule and instead focus on her treatment. Ms. Vestal also sought to work from home, but Defendant never responded to that request.

28. The decision to terminate Ms. Vestal's employment was based on Ms. Vestal's disability, cancer, in violation of the ADA.

29. The unlawful employment practices complained of in paragraphs 13-28 above were intentional.

29. The unlawful employment practices complained of in paragraphs 13-28 above were done with malice or with reckless indifference to the federally protected rights of Claudia Vestal.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from basing any employment decision on an employee's disability.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Claudia Vestal, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order the Defendant to make Claudia Vestal whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to medical and job search expenses.

E. Order the Defendant to make Claudia Vestal whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described

COMPLAINT

6

above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order the Defendant to pay Claudia Vestal punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

ROBERT CANINO
Acting Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

SUZANNE M. ANDERSON
Acting Regional Attorney
Texas State Bar No. 14009470

/s/ Meaghan L. Kuelbs
MEAGHAN L. KUELBS
Texas Bar No. 24105277

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL)  (972) 918-3611
(FAX) (214) 253-2749