IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | CIVIL ACTION NO. 6:20-cv-00455-JCB |
| K&L AUTO CRUSHERS, LLC | |
| Defendant. | |

THIS CONSENT DECREE is made and entered into by and between Plaintiff, United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), and Defendant, K&L Auto Crushers, LLC. ("K&L" or "Defendant"). This Consent Decree resolves the claims of Plaintiff EEOC in the above-referenced Civil Action No. 6:20-cv-00455-JCB. EEOC initiated its lawsuit under Title I of the American with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Claudia Vestal, who was adversely affected by such practices. More specifically, Plaintiff EEOC filed this lawsuit alleging that the Defendant discriminated against Ms. Vestal in violation of the Americans with Disabilities Act, as amended, by failing or refusing to grant her a reasonable accommodation and terminating her from her position of Controller because of her disability, cancer.

The EEOC and the Defendant agree to compromise and settle the differences embodied in the Complaint filed by EEOC and intend that the terms and conditions of the compromise and

settlement be set forth in this Consent Decree ("Consent Decree"). Defendant completely denies the allegations made by the EEOC and Vestal in the above-referenced case and disclaims any and all liability. This consent decree is entered into by Defendant, K&L Auto Crushers, LLC in order to compromise a disputed matter.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the filing of this action have been met. EEOC's Complaint states claims which, if proved, would authorize this Court to grant relief against Defendant.

2. This Consent Decree resolves all issues raised in EEOC's Complaint. Plaintiff waives further litigation of all issues raised in its Complaint. EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending, or which may in the future be filed, against Defendant.

3. During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are enjoined from any employment practice that discriminates on the basis of disability with respect to recruitment, reasonable accommodation, hiring, termination, or any other employment action, and Defendant further agrees not to retaliate in any way against any person because of opposition to any practice declared unlawful under the Americans with Disabilities Act of 1990, as amended, or because of the filing of a charge, giving testimony, or assisting or participating in any manner in any investigation, proceeding or hearing.

4.  The duration of this Consent Decree shall be three (3) years from its effective date. The effective date of this Consent Decree will be the date when it is signed and filed by the Court. This Court shall retain jurisdiction of this action during the period of this Consent Decree, and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Consent Decree in accordance with the following:

   a.  If the EEOC has reason to believe that Defendant has not complied with any term or provision of this Decree, it shall provide written notice of the alleged non-compliance within thirty (30) days following the discovery of the alleged non-compliance prior to taking any action thereon (the "Notice of Alleged Violation"). The Notice of Alleged Violation shall include the Section(s) and Paragraph(s) of this Agreement alleged to be violated and a statement of the specific facts and circumstances relied upon as the basis of the EEOC's claim of non-compliance.

   b.  Defendant shall have ten (10) days from receipt of the Notice of Alleged Violation to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. The ten (10) day period may be extended by written agreement executed by the EEOC and Defendant.

   c.  If the EEOC and Defendant are unable to resolve their dispute regarding the alleged violation, then the EEOC may seek enforcement of this Agreement with respect to the alleged violation in the United States District Court.

If the alleged violation is not cured after the above-detailed notice process, the three-year term of this Agreement will be tolled as of the date the violation occurred for the time it takes for the matter to be resolved by the court.

5.  Within thirty (30) days of the date of entry of this Consent Decree, Defendant agrees to pay to Claudia Vestal the full and final sum of $90,000.00 in compromise and satisfaction of all claims. The parties agree that $45,000.00 is designated as lost wages and Defendant will issue a W-2 to Ms. Vestal for that amount. A 1099 shall be issued for the

remainder. Payment shall be mailed directly to Claudia Vestal at the address provided to Defendant by the EEOC.

A copy of the settlement check and any accompanying transmittal documents will be forwarded to the EEOC to the attention of Meaghan Kuelbs, EEOC, 207 S. Houston Street, Third Floor, Dallas, TX 75202.

6. The payments referenced in paragraph 5 shall be made within 30 days after the effective date of this Consent Decree. Defendant agrees to report to the EEOC within 30 days of entry of this Consent Decree regarding its compliance with this paragraph.

7. Defendant shall post the notice attached to this Consent Decree as "Exhibit A" regarding its policy against disability discrimination, and its duty to accommodate applicants and employees. A copy of Exhibit A shall be displayed at or near the labor law poster at all facilities that operate under the umbrella of K&L Auto Crushers, LLC. This notice shall remain posted for the duration of this Consent Decree. The notice shall be posted within ten (10) days of the effective date of this Consent Decree.

8. For each year that the Consent Decree is in effect, Defendant agrees to conduct an annual training session for all human resources and management (including but not limited to owners of Defendant) advising them of the requirements and prohibitions of the Americans with Disabilities Act of 1990, as amended (ADA), the details of the company's policy on disability discrimination and reasonable accommodation, and the company's procedure for reporting complaints of discrimination. This annual training will also advise Defendant's owners, managers, and individuals with human resources responsibilities of the consequences that may be imposed upon Defendant for violating the ADA and the appropriate method for investigating claims of discrimination made by employees. The training of employees responsible for

decisions involving requests for reasonable accommodation will also include a specific discussion relating to the factors to be considered in making an appropriate assessment of these individuals' accommodation requests and the appropriate steps to be taken as a part of that assessment, including the need for medical documentation. The training shall be conducted as a session of no less than two (2) hours.

9. At least 30 days prior to the date scheduled for the training described in paragraph 8, Defendant shall furnish to EEOC a written report describing the training, identifying the instructor(s), and describing all instructors' qualifications to conduct the training. Within thirty days of the training described in paragraph 8, Defendant will send the EEOC a written verification that the training was completed.

10. All persons attending the training described in paragraph 8 shall acknowledge their attendance at that training by signing an attendance form. Defendant shall maintain attendance rosters for each year that the Consent Decree is in effect and provide copies of said rosters to the EEOC annually.

11. Defendant will, within thirty days of the effective date of this Consent Decree, send a written report to the EEOC confirming that Exhibit "A" was posted in compliance with this Consent Decree.

12. Plaintiff EEOC shall have the right to ensure compliance with the terms of this Consent Decree and may (a) conduct inspections of Defendant's facilities upon reasonable notice to Defendant; (b) interview Defendant's employees upon reasonable notice to Defendant; and, (c) examine and copy relevant documents upon reasonable notice to Defendant.

13. If Defendant fails to tender payment or otherwise fail to timely comply with the terms of paragraphs above, Defendant shall, as applicable:

a. Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

b. Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

14. All reports to the EEOC required by this Consent Decree shall be sent to Meaghan Kuelbs, Trial Attorney, EEOC, 207 S. Houston St., Third Floor, Dallas, TX 75202.

15. The terms of this Consent Decree shall be binding upon the EEOC and upon the Defendant, its agents, officers, employees, servants, successors, and assigns.

16. Neither the EEOC nor Defendant shall contest the validity of this Consent Decree nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to perform the promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court.

17. Each party shall bear its own costs, including attorneys' fees incurred in this action.

AGREED AS TO FORM AND SUBSTANCE:

FOR THE PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

GWENDOLYN Y. REAMS
Acting General Counsel

*[signature]*

SUZANNE M. ANDERSON
Acting Regional Attorney
Texas State Bar No. 14009470

MEAGHAN L. KUELBS
Trial Attorney
Texas Bar No. 24105277

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(214) 253-2746
(214) 253-2749 (f)


FOR THE DEFENDANT K&L AUTO CRUSHERS, LLC:

*[signature]*

William S. Hommel Jr.
Texas Bar No. 09934250
Hommel Law Firm
5620 Old Bullard Rd., Ste. 115
Tyler, TX 75701
(903) 596-7100


SO ORDERED.


Signed this __5th__ day of ____August____, 2021.

*[signature]*

Hon. J. Campbell Barker
United States District Judge

7

# Attachment A

## NOTICE TO ALL EMPLOYEES

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 and over) or disability, with respect to hiring, promotion, firing, compensation, accommodation or other terms, conditions or privileges of employment. Federal law also prohibits retaliation against any employee who files a charge of discrimination, or who cooperates with the government's investigation of a charge.

An employer cannot discriminate against qualified applicants and employees on the basis of disability. Under the Americans With Disabilities Act, an individual with a disability is a person who has (a) a physical or mental impairment that substantially limits one or more major life activities; (b) a record of an impairment or (c) is regarded as having such an impairment. The ADA also prohibits discrimination against a person because of their association or relationship with an individual with a known disability. This prohibition covers all aspects of the employment process, including:

|   |   |   |   |
|---|---|---|---|
| * | application | * | promotion |
| * | testing | * | medical examinations |
| * | hiring | * | layoff/recall |
| * | assignments | * | termination |
| * | evaluation | * | compensation |
| * | disciplinary actions | * | leave |

It is the policy of K&L Auto Crushers, LLC that harassment of employees with disabilities is strictly prohibited, as it undermines the integrity of the employment relationship. No disabled employee should be subjected to unsolicited, unwelcome name-calling, "jokes," comments or other harassing conduct, either verbal or physical, because of his or her disability.

Furthermore, under the ADA an employer must make a reasonable accommodation to the known physical or mental limitations of a qualified applicant or employee with a disability unless that employer can show that the accommodation would cause an undue hardship on the operation of its business. Some examples of reasonable accommodation include:

- Making existing facilities used by employees readily accessible to, and usable by, an individual with a disability;
- Job restructuring;
- Modifying work schedules;
- Reassignment to a vacant position;
- Acquiring or modifying equipment or devices; and,
- Providing qualified readers or sign language interpreters.

Each supervisor has a responsibility to maintain a workplace free of discrimination. This duty includes discussing K&L Auto Crushers, LLC's anti-discrimination policy with all employees and assuring them that they will not endure unequal treatment because of their race, color, sex, national origin, religion, age or disability, and reporting incidents involving discrimination. It also prohibits basing hiring and/or termination decisions on a person's race, color, sex, national origin, religion, age or disability, or because a person has complained of discrimination. Retaliation against individuals who raise concerns of discrimination is strictly prohibited.

An employee has the right, and is encouraged to exercise that right to report allegations of discrimination in the workplace. An employee may do so by notifying the Human Resources Manager at 903-592-6299. Employees who do not wish to go to the Human Resources Manager may instead report to any supervisor or manager. Supervisors and managers who are informed of a complaint or allegation of discrimination must immediately notify the Human Resources Manager. An employee, either alternatively or in addition to reporting such an allegation to K&L Auto Crushers, LLC's management, may contact the Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the nearest EEOC office is 207 South Houston Street, Third Floor, Dallas, Texas 75202; (972) 918-3649.

Any report of discrimination will be thoroughly investigated, with appropriate disciplinary action, up to and including termination, be taken against any person(s) found to have engaged in such conduct.

THIS NOTICE WILL REMAIN POSTED FOR A PERIOD OF THREE (3) YEARS AND NOT BE ALTERED, DEFACED, OR COVERED BY ANY OTHER MATERIAL.

_____
Date

_____
K&L Auto Crushers, LLC